IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

LEO L. LAURENT, #145260                                                                 PLAINTIFF

VERSUS                                       CIVIL ACTION NO. 4:12-cv-111-HTW-LRA

GEO INC., ET AL.                                                           DEFENDANTS

**MEMORANDUM OPINION**

This cause is before the Court, *sua sponte*, for consideration of dismissal. Plaintiff Laurent, an inmate of the Mississippi Department of Corrections (MDOC), filed this *pro se* Complaint pursuant to 42 U.S.C. § 1983. Plaintiff was granted permission to proceed *in forma pauperis* in this case. The named Defendants are GEO, Inc.; Warden Horton; Major Zavala; and Tyeasa Evans. Upon liberal review of the Complaint and Plaintiff's other pleadings, the Court has reached the following conclusions.

Plaintiff complains about a rule violation report (RVR) issued to him at the East Mississippi Correctional Facility. Plaintiff was found guilty of the violation and placed in administrative segregation for 31 days.[1] Plaintiff asserts various complaints regarding the RVR and disciplinary process which he claims violates MDOC policy and his constitutional rights. Specifically, Plaintiff claims that he did not receive a copy of the RVR prior to his disciplinary hearing, that his request for an investigation was denied, that he was not allowed to call witnesses at his disciplinary hearing and the hearing itself was untimely. Plaintiff further alleges that MDOC policy and procedure was violated when this guilty finding was upheld by the

---

[1]Plaintiff's states that he was placed in segregation 20 days prior to his disciplinary hearing and released from segregation 11 days after his disciplinary hearing. *See* Resp. [11]. Throughout Plaintiff's Complaint and subsequent filings he refers to one RVR. When Plaintiff was ordered to provide a copy of the complained of RVR that included the punishment imposed or a response stating he was unable to provide a copy, Plaintiff submitted copies of two separate rule violation reports. However, 20 days segregation is listed as the punishment on both reports.

administrative remedy program. As relief, Plaintiff is seeking removal of the RVR from his prison records and monetary damages.

**I. Analysis**

The Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2) (as amended), applies to prisoner proceedings *in forma pauperis* and provides that "the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Since the Court has permitted Plaintiff to proceed *in forma pauperis* in this action, his Complaint is subject to *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2).

In Plaintiff's Response [11], he also asserts claims regarding the conditions of his confinement within segregation. However, Plaintiff is already litigating a § 1983 case in this Court regarding all of the conditions claims asserted in this Response. *See Laurent v. GEO Group, Inc., et al.*, no. 4:12-cv-75-HTW-LRA.[2] As the Fifth Circuit has explained, "[a]n action is malicious for purposes of § 1915(e)(2)(B)(i) if it duplicates the allegations of another pending federal lawsuit by the same plaintiff." *Allard v. Quinlan Pest Control Co., Inc.,* 387 F. App'x 438, 440 (5th Cir. 2010). Therefore, Plaintiff's claims regarding the conditions of his confinement within administrative segregation asserted in this case are considered malicious to pending case number 4:12-cv-75-HTW-LRA, and will be dismissed without prejudice. *See Pittman v. K. Moore*, 980 F.2d 994, 995 (5th Cir. 1993)(finding malicious claims properly dismissed without prejudice to the Plaintiff's prosecution of the pending duplicative suit).

---

[2]According to the docket in civil action number 4:12-cv-75-HTW-LRA, a hearing before the Magistrate Judge is set for January 24, 2013. *See* Order [38].

In order to have a viable claim under 42 U.S.C. § 1983, Plaintiff must allege that he was deprived of a right secured by the Constitution or the laws of the United States. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Resident Council of Allen Parkway Vill. v. United States Dep't of Hous. & Urban Dev.*, 980 F.2d 1043, 1050 (5th Cir.), *cert. denied*, 510 U.S. 820 (1993). Initially, the Court notes that an inmate does not have a constitutional right to receive a certain custodial classification, including general population, while incarcerated. *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir.1995). Furthermore, the classification of prisoners in certain custody levels is well within the broad discretion of prison officials and should be "free from judicial intervention." *McCord v. Maggio*, 910 F.2d 1248, 1250-51 (5th Cir.1990)(citations omitted).

At best, Plaintiff is asserting that his constitutional rights were violated under the Due Process Clause when his classification level was changed to administrative segregation for 31 days. To invoke the protections of the Due Process Clause, Plaintiff must have a protected liberty interest at stake. A constitutionally protected liberty interest is "limited to freedom from restraint which . . . imposes atypical and significant hardships on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner,* 515 U.S. 472, 484 (1995). The United States Court of Appeals for the Fifth Circuit, applying *Sandin* has held that "administrative segregation, without more, simply does not constitute a deprivation of a constitutionally cognizable liberty interest." *Pichardo v. Kinker*, 73 F.3d 612, 613 (5th Cir. 1996)(quoting *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir.1995))*; see also Sharp v. Anderson*, No. 99-60676, 2000 WL 960568, *1 (5th Cir. 2000)(inmate's claim that he was kept in administrative segregation for 112 days after he was found not guilty of a disciplinary charge did not implicate the protections of the Due Process Clause). Likewise, the denial of prison privileges or the classification of

3

Plaintiff in a certain custody level is not an "atypical and significant hardship" of prison life. *See Wilkerson v. Stalder*, 329 F.3d 431, 435-36 (5th Cir. 2003)(noting that "this circuit has continued to hold post-*Sandin* that an inmate has no protectable liberty interest in his classification" and remanding case to determine if lock-down status for thirty years was "atypical" under *Sandin*). Simply put, the protections afforded by the Due Process Clause do not extend to "every change in the conditions of confinement" which are adverse to a prisoner. *Madison v. Parker*, 104 F.3d 765, 767-68 (5th Cir. 1997); *see also Parker v. Currie,* 359 F. App'x 488, 490 (5th Cir. 2010) (holding an inmate's "mere disagreement with a [custodial] classification is insufficient to establish a constitutional violation"). In sum, Plaintiff does not have a constitutionally protected right to be placed in a certain classification level or to not be placed in administrative segregation while in prison.

Furthermore, Plaintiff is not entitled to relief under § 1983 based on his claim that MDOC policy and procedure was violated by this RVR and by the lack of a favorable response to his grievances. These allegations, without more, simply do not rise to a level of constitutional deprivation. *See Guiden v. Wilson,* 244 F. App'x 980, 981 (5th Cir. 2009) (citing *Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir 1986)) ("A violation of a prison rule by itself is insufficient to set forth a claim of a constitutional violation."); *Geiger v. Jowers,* 404 F.3d 371, 373-74 (5th Cir. 2005)(holding inmate does not have a federally protected liberty interest in having prison grievances investigated or resolved to his satisfaction).

## II. Conclusion

As explained above, Plaintiff's placement in administrative segregation does not amount to a constitutional deprivation. Therefore, the claims presented in this suit, except for Plaintiff's

duplicative conditions claims proceeding in 4:12-cv-75-HTW-LRA, are dismissed as frivolous pursuant to 28 U.S.C. § 1915 (e)(2)(B)(i), with prejudice.[3] Plaintiff's claims regarding the conditions of his confinement within administrative segregation are dismissed without prejudice to their being asserted in civil action number 4:12-cv-75-HTW-LRA.

Since this case is dismissed pursuant to the above-mentioned provision of the Prison Litigation Reform Act, it will be counted as a "strike."[4] If Plaintiff receives "three strikes" he will be denied *in forma pauperis* status and required to pay the full filing fee to file a civil action or appeal.

A Final Judgment in accordance with this Memorandum Opinion will be entered.

SO ORDERED AND ADJUDGED, this the 25th day of January, 2013.

s/ HENRY T. WINGATE  
UNITED STATES DISTRICT JUDGE

---

[3] *See Pichardo,* 73 F.3d at 613 (affirming frivolous dismissal of § 1983 suit arising out of classification level); *Sharp v. Anderson*, No. 99-60676, 2000 WL 960568, at *1 (5th Cir. 2000) (dismissed as frivolous appeal of § 1983 suit regarding disciplinary violation and resulting placement in segregation).

[4] 28 U.S.C. § 1915(g) states "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."